[No. 14483. Department One. April 29, 1918.]

## The City of Spokane, *Respondent*, v. J. M. Knight, *Appellant*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—MOTOR VEHICLES—LICENSE TAX—POWER OF CITY—STATUTES. An ordinance of the city of Spokane (No. C1590, § 23) requiring a license fee of $5 per year for all vehicles carrying passengers for hire, simply provides a license tax, and hence is not rendered void by Rem. Code, § 5562-34, providing that local authorities shall have no power to pass or enforce any ordinance requiring of operators of motor vehicles any license other than an occupation license or tax.

LICENSES—OCCUPATION TAX—CARRIAGE FOR HIRE—PERSONS AFFECTED—UNDERTAKERS. An undertaker, operating an automobile for carrying passengers for hire to and from the cemeteries in funerals conducted by him is also engaged in "carrying passengers for hire" notwithstanding his occupation as an undertaker and is subject to the occupation tax therefor, there being no exemptions from the license tax specified.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered April 5, 1917, upon a trial and conviction of violating an ordinance requiring a license fee for the operation of automobiles for hire. Affirmed.

*Carl W. Swanson*, for appellant.

PARKER, J.—The defendant, Knight, was charged with the violation of an ordinance of the city of Spokane, in that he carried passengers for hire in his automobile without having paid a license fee therefor as required by the ordinance. He was adjudged guilty and fined in the police court of the city, and having appealed therefrom to the superior court for Spokane county, was therein again adjudged guilty and fined, from which judgment he has appealed to this court.

Appellant is an undertaker, maintaining his principal place of business in the city of Spokane. He has

[1]Reported in 172 Pac. 823.

an automobile which he uses to ride in himself in going to and returning from residences and cemeteries while conducting funerals. He did not use this automobile for hire generally, but he did use it for hire in the carrying of passengers therein, consisting of families of deceased persons and their friends, from residences to cemeteries and return while conducting funerals, whenever opportunity offered for such use for hire. At the time in question, while conducting a funeral, appellant conveyed the family of the deceased from a residence in the city to a cemetery outside the city and return. He charged and collected compensation for this service in addition to his charges for other services as an undertaker. He had complied with the provisions of ch. 142, Laws of 1915, p. 385, as that law then existed, relating to the licensing of automobiles for hire, and had thereby procured a state license for hire for the automobile in question.

At the time of so carrying these passengers for hire by appellant, there was in force an ordinance of the city reading in part as follows:

"Every person, firm or corporation who shall by means of any vehicle carry any person or persons to or from any point within the corporate limits of the city of Spokane for hire shall pay a license fee of five dollars ($5) per year for every vehicle so used; provided, that nothing herein contained shall be considered to apply to railroad or street railroad cars, or hearses, ambulances, or vehicles used exclusively for carrying pall bearers, nor to stages running on regular schedule to points outside of the city." Ordinance No. C1590, § 23.

There was also then in force ch. 142 of the Laws of 1915, p. 396, § 34 thereof reading in part as follows:

"The local authorities shall have no power to pass or enforce any ordinance, rule or regulation requiring of the owner or operator of any motor vehicle, any license

other than an occupation license or tax which may be levied in only one city or town when such motor vehicle is engaged in inter-city service, or permit to use the public highways except as herein provided or to exclude or to prohibit any motor vehicle whose owner has complied with the provisions of this act from the free use of the public highways, and all such rules, ordinances and regulations now in force are hereby declared to be of no validity or effect.'' Rem. Code, § 5562-34.

It is contended in appellant's behalf that the provisions of the ordinance above quoted were rendered void by the enactment of § 34 of the Laws of 1915, p. 396, above quoted from, and that the city was thereby divested of the power to enforce the license provisions of the ordinance. It seems to us that but a casual reading of the law shows that this contention is untenable. The quoted portion of the ordinance purports to do nothing more than require the payment of an ''occupation license tax,'' and the law plainly reserves this power in local authorities, though it in general terms prohibits local authorities from regulating the use of automobiles. The portion of the ordinance brought to our attention does not indicate that the license tax therein provided for is anything more than a revenue measure. The ordinance seems to us to clearly fall within the power which the legislature has reserved to the local authorities.

Contention is further made in appellant's behalf that, by the operation of his automobile for hire in the manner he admits he operated it for hire on the occasion in question and other like occasions, he was not doing so as an occupation. The argument seems to be that his occupation was only that of an undertaker. Plainly this operation of his automobile for hire was not within any of the exemptions from the license tax specified in the ordinance. The argument is, in effect, that appellant could furnish and operate for hire all the

passenger carrying vehicles attending funerals conducted by him without paying the ordinance license tax therefor. We are of the opinion that, while, generally speaking, appellant's occupation was that of an undertaker, he was also engaged in the occupation of carrying passengers for hire when he operated his automobile as he did on the occasion in question and when he so operated it for hire on other like occasions.

It seems plain to us the judgment must be affirmed. It is so ordered.

ELLIS, C. J., MAIN, and FULLERTON, JJ., concur.

WEBSTER, J., took no part.